## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DORIS RACHER,                          )
SANDRA CISPER,                         )
EARLENE ADKISSON, Co-Personal          )
Representatives of the Estate of Eryetha )
Mayberry, Deceased; and                )
JAMES KINGSBURY, Personal              )
Representative of and Next             )
of Kin to Rachel Mary Kingsbury,       )
Deceased,                              )
                                       )
        Plaintiffs,           )
                                       )
vs.                                    )    Case No. CIV-17-105-M
                                       )
PATTI LUSK, an Individual, and         )
RPM FAMILY INTERESTS LLC,              )
a Texas limited liability company,     )
                                       )
        Defendants.          )

## ORDER

Before the Court is defendants' Motion to Dismiss Plaintiffs' Complaint, filed March 1,

2017. On March 22, 2017, plaintiffs filed their response, and on March 29, 2017, defendants filed

their reply.

I.    Introduction[1]

Plaintiffs have final judgments against non-party Ron Lusk.[2] Defendant Patti Lusk is the

wife of Ron Lusk. She is domiciled in and a citizen of the State of Texas and resides in Dallas,

Texas. Defendant RPM Family Interests LLC ("RPM") is a Texas limited liability company, and

its sole member, owner, and manager is defendant Patti Lusk.

---

[1] The facts set forth in this Introduction are based on plaintiffs' Complaint.
[2] On June 26, 2013, plaintiffs filed a fraudulent transfer case against Ron Lusk in this Court. On January 25, 2016, the Court entered judgment in the fraudulent transfer case in favor of plaintiffs and against Ron Lusk.

Several years prior to the filing of the fraudulent transfer case against Ron Lusk, Ron Lusk and Ginger Barsotti formed an Oklahoma limited liability company known as Physician's Choice in Care, LLC, with Ron Lusk owning 50% and Ginger Barsotti owning the remaining 50%.[3] In September 2014, Ron Lusk and defendant Patti Lusk formed defendant RPM. Plaintiffs allege that defendant Patti Lusk and Ron Lusk formed defendant RPM, in part, for the purpose of fraudulently conveying Ron Lusk's assets to defendant RPM and to hinder, defraud, or delay plaintiffs' and Ron Lusk's other creditors from satisfying their claims against Ron Lusk. In December 2014, Ron Lusk sold his ownership interest in Physician's Choice in Care, LLC and directed the transfer of $500,000 of proceeds from the sale to defendants. Plaintiffs allege that Ron Lusk conspired with defendant Patti Lusk and transferred these proceeds so as to avoid the claims of plaintiffs and other creditors. Plaintiffs further allege the $500,000 in proceeds from the sale of Ron Lusk's ownership interest in Physician's Choice in Care, LLC is substantially all of Ron Lusk's remaining assets, and Ron Lusk has no remaining assets or other property to satisfy plaintiffs' claims.

On February 2, 2017, plaintiffs filed the instant action against defendants, asserting a fraudulent transfer claim. Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss plaintiffs' Complaint for lack of personal jurisdiction. Specifically, defendants assert that plaintiffs cannot prove the required facts to subject defendants to the general or specific personal jurisdiction of an Oklahoma court.[4]

---

[3] Physician's Choice in Care, LLC's principal place of business is in Oklahoma City, Oklahoma.
[4] In their response to defendants' motion to dismiss, plaintiffs state that they are relying upon specific personal jurisdiction.

## II.    Discussion

When a court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57.

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted).

> A specific jurisdiction analysis involves a two-step inquiry. First [a court] must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second if the defendant's actions create sufficient minimum contacts, [a court] must then consider whether the exercise of personal jurisdiction over the

> defendant offends traditional notions of fair play and substantial
> justice.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations and citations omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state." *Id.* at 1076 (internal quotations and citation omitted) (emphasis in original). Further, whether a defendant has the required minimum contacts must be decided on the particular facts of each case. *See id.*

Additionally, the United States Supreme Court set forth an "effects" test in *Calder v. Jones*, 465 U.S. 783 (1984).

> Under *Calder*, an act done outside the state that has consequences
> or effects within the state will suffice as a basis for jurisdiction in a
> suit arising from those consequences if the effects are seriously
> harmful and were intended or highly likely to follow from the
> nonresident defendant's conduct.

*Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009) (internal quotations and citation omitted). "Thus, [t]he key to *Calder* is that the effects of an alleged intentional tort are to be assessed as *part* of the analysis of the defendant's relevant contacts with the forum." *Id.* (internal quotations and citation omitted) (emphasis in original). However, a non-resident defendant's receipt of assets transferred with an intent to hinder, delay, or defraud a creditor does not *ipso facto* establish personal jurisdiction in the state where a complaining creditor resides. *See id.* "The 'effects' test in *Calder* does not supplant the need to demonstrate minimum contacts that constitute purposeful availment, that is, conduct by the non-resident defendant that invoked the benefits and protections of the state or was otherwise purposefully directed toward a state resident." *Id.*

Having carefully reviewed plaintiffs' Complaint, the Court finds that plaintiffs have not made a prima facie showing of specific personal jurisdiction. Specifically, the Court finds that

plaintiffs have not alleged sufficient facts showing the requisite minimum contacts. Viewing the allegations in the Complaint in the light most favorable to plaintiffs, the Court finds that plaintiffs have not shown any purposeful availment on the part of defendants or that plaintiffs' claim arises out of or results from actions by defendants themselves that create a substantial connection with Oklahoma. In their Complaint, plaintiffs do not allege that defendant Patti Lusk played any active part in the transfer of funds, i.e., providing information regarding the bank account and/or directing the transfer of funds, etc. Further, viewing the allegations in the Complaint in the light most favorable to plaintiffs, the Court finds the allegations show nothing more than that defendants received the transfer of funds.[5]

III.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss Plaintiffs' Complaint [docket no. 10] and DISMISSES plaintiffs' Complaint.

**IT IS SO ORDERED this 23rd day of May, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5] In their response to defendants' motion to dismiss, plaintiffs rely on a number of alleged facts -- such as that defendant Patti Lusk collaborated with Ginger Barsotti to have the proceeds wired to a bank account in Texas and that defendant Patti Lusk contacted Ms. Barsotti, provided her the name of the bank and the bank account number, and directed her to wire the funds -- to show defendant Patti Lusk's personal involvement in the transfer of funds and, thus, her purposeful availment. Those facts, however, are not alleged in plaintiffs' Complaint.